**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| THEODORE ROOSEVELT ARTHUR, ) | |
| ID # 2036599, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:15-CV-3700-B (BH) |
| ) | |
| STATE OF TEXAS, ) | Referred to U.S. Magistrate Judge |
| DALLAS COUNTY JAIL, ) | |
|     Respondents. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order* 3-251, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court are *Petitioner's Motion for Injunctive Relief* (doc. 27) and *Motion for Summary Judgement/Default Judgment* (doc. 28), both received on March 22, 2016. Based on the relevant findings and applicable law, the petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies, any non-habeas claims should be **DISMISSED** without prejudice, and the motions should be **DENIED**.

**I.  BACKGROUND**

Theodore Roosevelt Arthur (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed an "Omnibus Federal Motion Habeas Corpus Motion", that was received on November 18, 2015. (Doc. 3). He initially named the United States of America as the respondent.

Petitioner was convicted by a jury of possession of more than 5 but less than 50 pounds of marijuana in Cause No. F1258513-J in the Criminal District Court No. 3 of Dallas County, Texas. On March 25, 2014, the trial court sentenced him to 6 years of imprisonment. (Doc. 24-1 at 72). He filed a direct appeal asserting that the trial court erred by finding that he consented to

a search, not suppressing the contents of a tin can, not instructing the jury on a lesser-included offense, and not instructing the jury to disregard evidence outside scope of the consent to search. Petitioner's conviction was affirmed on direct appeal on June 15, 2015. *Arthur v. State*, No. 05-14-00439-CR, 2015 WL 3658070 (Tex. App. – Dallas 2015). He filed a petition for discretionary review (PDR) that was refused by the Texas Court of Criminal Appeals on October 7, 2015. *See* PD-0900-15. He has not filed a state application for writ of habeas corpus.

Petitioner filed an amended petition under 28 U.S.C. § 2254 that was received on December 10, 2015. (Doc. 7.) It named only the State of Texas and the Dallas County Jail as the respondents.[1] The petition asserts that: 1) there was no search warrant; 2) he was not given *Miranda* warnings; 3) the trial court denied a motion to suppress; 3) the trial court refused to allow the jury to assess punishment; 4) the trial court used a dismissed case in assessing the sentence; 5) the trial court incorrectly instructed the jury on the elements of the offense; 6) the trial court refused to instruct the jury on a lesser-included offense; 7) the trial court allowed an officer to commit perjury; 8) the indictment was defective; 9) there was erroneous use of his military record; 10) there was insufficient evidence; 11) the prosecutor committed a *Brady* violation; 12) the prosecutor used improper language; and 13) the prosecutor did not provide him documents. *Id.*

## II. PROPER RESPONDENT

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfield v. Padilla*, 542

---

[1] Because the record reflected that Petitioner was challenging a felony conviction and was incarcerated in TDCJ-CID on January 5, 2016, a show cause order on that date directed service of the petition on the Attorney General of Texas.

U.S. 426, 434 (2004), quoting 28 U.S.C. § 2242; see also Rule 2(a) of the Rules Governing Section 2254 Cases ("the petition must name as respondent the state officer who has custody" of petitioner). Generally, the only proper respondent is " 'the person' with the ability to produce the prisoner's body before the habeas court." 542 U.S. at 434-35. "In habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435.

Because Petitioner challenges under § 2254 a conviction and sentence that has resulted in his incarceration in the TDCJ-CID, either the warden of the institution where he is incarcerated or the chief officer in charge of state penal institutions is a proper respondent. *See* Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions."). A habeas petitioner's failure to name the proper respondent is a procedural rather than a jurisdictional defect that may be corrected by amendment of the petition. *See Flores v. Dretke,* 120 F. App'x 537, 539 (5th Cir.2005) (noting that district court should have required petitioner to amend his petition to name the proper custodian to cure what amounted to a mere procedural defect), *citing West v. Louisiana,* 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds,* 510 F.2d 363 (5th Cir.1975).

William Stephens, the Director of TDCJ-CID should be **SUBSTITUTED** as the proper respondent in this case, and the State of Texas and the Dallas County Jail should be terminated. *See West,* 478 F.2d at 1031 (noting that the district court would have been justified in treating the habeas petition as if the petitioner had named the proper respondent); *Shackelford v. Thaler*, No. H-11-3322, 2011 WL 4067955, at *1 n. 1 (S.D. Tex. September 13, 2011) (TDCJ-CID Director

3

substituted for state district judge as respondent).

### III. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented all the claims he raises in his federal petition to the Court of Criminal Appeals. He appealed his conviction and filed a PDR with the Court of Criminal Appeals. On appeal, he raised some of the same claims he raises in his federal petition, including claims regarding a search, suppression of evidence from the search, and the lack of a jury instruction on a lesser-included offense. *See Arthur v. State*, No. 05-14-00439-CR, 2015 WL 3658070 (Tex. App. – Dallas 2015). He did not raise in his state appeal the remaining grounds in his federal petition, however, and he did not file a post-conviction state habeas corpus

application. The Court of Criminal Appeals has therefore not had an opportunity to review the claims raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is not entitled to habeas corpus relief for failure to exhaust his state remedies.

## IV. SUMMARY JUDGMENT/DEFAULT JUDGMENT

Petitioner seeks summary judgment and/or default judgment. (Doc. 28.) He asserts the response filed by respondents State of Texas and Dallas County Jail is not in compliance with the order to show cause because it does not address the claims raised in the habeas petition. Because the State of Texas and Dallas County Jail have responded, they are not proper respondents in this habeas action, and the petition is subject to dismissal for failure to exhaust state court remedies, the motion for summary judgment/default judgment should be **DENIED**.

## V. INJUNCTIVE RELIEF

Petitioner also seeks injunctive relief against the Director and the staff of the unit law library and mailroom. (Doc. 27.) He contends that TDCJ personnel would not mail some of correspondence and pleadings to the court.

Courts may only consider federal habeas petitions on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). "A habeas petition []is the proper vehicle to seek release from custody," and a civil rights action under 42 U.S.C. § 1983 is generally the "proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Carson v. Johnson,* 112

5

F.3d 818, 820 (5th Cir. 1997). Because Petitioner's claim for injunctive relief attacks prison procedures and does not seek relief from his conviction and sentence, it is not a habeas claim that may be considered. Any non-habeas civil claims should be dismissed without prejudice to raising them in a separate civil action,[2] and the motion for injunctive relief (doc. 27) should be **DENIED**.

## VI. RECOMMENDATION

William Stephens should be **SUBSTITUTED** as the proper respondent in this case, and the State of Texas and the Dallas County Jail should be terminated as respondents. The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies, any non-habeas civil claims should be **DISMISSED** without prejudice, and the motions for summary judgment/default judgment and injunctive relief should be **DENIED**.

**SIGNED this 7th day of April, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]If Petitioner wishes to pursue his claims regarding the handling of his mail, he must file a separate civil action under the appropriate statutes, using the appropriate forms for § 1983 claims, and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that all prisoners who bring a civil action must pay the full filing fee, although the filing fee may be paid in installments where leave to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(b)(1). As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE